# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WILLIAMS, a/k/a KIRBY STEWART, | )<br>) |
| Plaintiff | ) C.A. No. 18-35 Erie |
| v. | ) |
| | ) District Judge Susan Paradise Baxter |
| PA DEPT. OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff Kevin Williams a/k/a Kirby Stewart, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this action by filing a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, on January 29, 2018. Plaintiff subsequently filed an amended complaint on June 4, 2018 [ECF No. 30], which is the operative pleading in this case.[1] Named as Defendants are: Pennsylvania Department of Corrections ("DOC"); Michael D. Overmyer, Superintendent at SCI-Forest ("Overmyer"); SCI-Forest corrections officers Capt. Carter ("Carter"), Lt. Dicky ("Dicky"), and Lt. Burkhart ("Burkhart"); and unnamed Defendant "John Doe" of the Office of Chief Counsel of the DOC.

Plaintiff alleges that on October 30, 2017, thirty-seven (37) pages of legal papers, consisting primarily of UCC material, were confiscated from his cell, and that his typewriter was damaged and not repaired or replaced, in violation of his constitutional rights. In addition, Plaintiff claims that, on other occasions, various items of his personal property were taken from

---

[1] The original pleading filed by the Plaintiff is actually entitled "18 U.S.C. section 3626, Injunctive Relief and Prospective Relief," which this Court construed and had docketed as a complaint. [ECF No. 8]. Plaintiff's subsequent amendment also contains the same title and has been treated in the same manner. [ECF No. 30].

1

him and were lost, thrown away, and/or never returned to him. As relief for his claims, Plaintiff seeks injunctive relief requiring Defendants to return all items to him and to transfer him to another institution.

On September 14, 2018, the undersigned was sworn in as a United States District Judge, and this action was subsequently reassigned to the undersigned, as presiding judge, on September 19, 2018. On September 20, 2018, Defendants filed a motion to dismiss for failure to state a claim [ECF No. 44], which is presently pending before this Court. Despite being given ample time to do so, Plaintiff has not filed any response to Defendants' motion. This matter is now ripe for consideration.

## II.     DISCUSSION

### A.     Eleventh Amendment Immunity

Defendants initially argue that the DOC is immune from Plaintiff's claims under the Eleventh Amendment to the United States Constitution, and is also not a "person" against whom suit may be brought under 42 U.S.C. § 1983. The Court agrees.

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the DOC, which administers all state correctional institutions, is an agency or arm of the Commonwealth of Pennsylvania and is, thus, entitled to the same Eleventh

2

Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800 at *8 (W.D. Pa. Mar. 6, 2009). No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D. Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D. Pa. March 31, 1998), aff'd 178 F.3d 1280 (3d Cir. 1999) (Table).

Moreover, as a state agency, Defendant DOC is not a "person" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against Defendant DOC will be dismissed and said Defendant will be terminated from this case.

### B. Personal Involvement

It is well-settled that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. See Gould v. Wetzel, 2013 WL 5697866, at *2 (3d Cir. Oct. 21, 2013), citing Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011). This means that the defendant must have played an "affirmative part" in the complained-of misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit … [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Oliver v. Beard, 358 Fed. Appx. 297, 300 (3d Cir. 2009); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Defendants argue that Plaintiff's claims against individual Defendants Overmyer, Carter, Dicky, and Burkhart must be dismissed because Plaintiff has failed to establish their personal involvement in any of the alleged constitutional violations at issue in this case. The Court agrees.

3

Initially, Defendants correctly note that Plaintiff has failed to state any allegations against Defendant Burkhart, whatsoever. Thus, there is no basis on which to establish Defendant Burkhart's personal involvement in any of the claims raised in the amended complaint, and he will be dismissed from this action, accordingly.

As to the remaining Defendants, Plaintiff alleges that his legal paperwork, primarily consisting of UCC materials, was confiscated by two corrections officers identified as "C.O. Costanzo" and "C.O. Manson," neither of whom is a Defendant in this case. Plaintiff also claims that the same officers purposely damaged his typewriter. The only alleged involvement of any of the named Defendants in either of these actions is that Officers Costanzo and Manson "were sent to the Plaintiff's cell by [Defendant] Dicky, who gets Orders from [Defendant] Carter," who ultimately "gets Orders from… [Defendant] Overmyer." (ECF No. 30, at ¶ 5). Thus, Plaintiff is apparently seeking to hold Defendants Dicky, Carter, and Overmyer vicariously liable for the actions of Officers Costanzo and Manson, on the basis of *respondeat superior*. It is well-settled, though, that section 1983 liability cannot be predicated solely on the basis of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1972).

In addition, Plaintiff alleges that he filed a grievance regarding the confiscated paperwork, and after receiving no response, appealed the grievance to Defendant Overmyer, who "rubber stamped it." (Id.). However, if a grievance official's alleged involvement is based on investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988); Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006). Thus, Plaintiff's claims against Defendants Dicky, Carter, and

Overmyer arising from the confiscation of his legal material and the damage to his typewriter will be dismissed based on their lack of personal involvement.

As for Plaintiff's remaining allegations regarding the taking of his various items of personal property and the subsequent loss, disposal and/or withholding of such items, Plaintiff generally implicates "security office staff members" and other unnamed staff members, rather than any of the individual Defendants. Thus, Plaintiff has failed to allege the personal involvement of the individual Defendants in these actions, as well.

### C. Defendant "John Doe at the Office of Chief Counsel"

As noted earlier, Plaintiff has included an unnamed Defendant identified as "John Doe at the Office of Chief Counsel." This Defendant has not since been identified by Plaintiff and, thus, has not been served in this case, and no attorney has entered an appearance on his behalf. Thus, he has not joined in the pending motion to dismiss. Nonetheless, Section 1915A(b) of the Prison Litigation Reform Act ("PLRA") provides:

> (b) Grounds for dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A(b). Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

Here, Plaintiff has failed to state a cause of action against the unnamed John Doe Defendant upon which relief may be granted, as the only possible allegation against said

Defendant that may be construed from the amended complaint is Plaintiff's general statement that Defendant Overmyer "takes Orders from Central Office/Office of Chief Counsel/Governor's Office" (ECF NO. 30, at ¶ 5); however, as already discussed, allegations predicated on *respondeat superior* fail to establish personal involvement under Section 1983. Thus, any claim(s) against Defendant John Doe will be dismissed as frivolous, *sua sponte*, pursuant to the authority granted by the PLRA.

### D.     Amendment

The law of this circuit holds that, "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir.2008). Based on the foregoing discussion, the Court concludes that Plaintiff's claims are incapable of remediation.

In particular, even if Plaintiff is capable of amending his allegations to implicate one or more of the individual Defendants in the confiscation of Plaintiff's UCC materials, the Third Circuit has held that the DOC policy providing for the confiscation of UCC-related materials is not constitutionally unreasonable. Monroe v. Beard, 536 F.3d 198, 207-09 (3d Cir. 2008); see also Edmonds v. Sobina, 296 Fed. Appx. 214, 217 (3d Cir. 2008) (holding that DOC policy restricting an inmate's possession of UCC-related materials does not violate an inmate's First Amendment right to possess legal materials). Similarly, even if Plaintiff could more clearly implicate one or more of the Defendants in the taking of Plaintiff's various items of personal property, it is well-settled that the prison grievance procedure provides a meaningful post-deprivation remedy forestalling any cognizable due process claim. Monroe, 536 F.3d at 210. Therefore, all of Plaintiff's claims will be dismissed with prejudice.

An appropriate order follows.